# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br> Plaintiff, <br><br> v. <br><br> MANDY L. WARTHAN; WARTHAN DERMATOLOGY ASSOCIATES, P.A. d/b/a WARTHAN DERMATOLOGY CENTER, and DOES 1 through 10 inclusive, <br><br> Defendants. | Case Number: 1:23-cv-23 |

## GREAT BOWERY, d/b/a TRUNK ARCHIVE'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Great Bowery, Inc., d/b/a Trunk Archive, for its Complaint against Defendants Mandy L. Warthan and Warthan Dermatology Associates, P.A. d/b/a Warthan Dermatology and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* and 17 U.S.C. § 1202.

2.  This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.  This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Texas,

1

Defendant's acts of infringement were directed towards the state of Texas, Defendant caused injury to Plaintiff within the state of Texas, and Defendant has a physical presence in the state of Texas.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a Delaware corporation duly organized by law, having a place of business at 433 Broadway, STE 420, New York, NY 10013.

6. Defendant Warthan Dermatology Associates, P.A. d/b/a Warthan Dermatology ("Warthan Derm") is a Texas business with a business address of 5913 Virginia Parkway, Suite 300 McKinney, TX 75071.

7. Defendant Mandy L. Warthan ("Warthan") is an individual and dermatologist and dermatopathologist.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

/ / /

/ / /

/ / /

## FACTUAL ALLEGATIONS

9. Plaintiff Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's most prominent photographers is Australian photographer Eddie New ("New").

12. New is a highly successful photographer specializing beauty and fashion photography.

13. New's work masterfully treads the line between fashion and high art. New also has the unique ability to capture his subjects in their most raw states.

14. New took one photograph: a photograph of the profile view of a female model's face (the "Profile Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Profile Photograph.

16. New registered the Profile Photograph with the United States Copyright Office. The Profile Photograph is registered under Registration Number VA 2-236-231.

17. New subsequently granted Trunk Archive the exclusive right to license the Profile Photograph.

18. Defendant Warthan Derm is a private practice that provides comprehensive medical, surgical, and cosmetic skin services to patients of all ages.

19. Warthan Derm assists its patients with all of their dermatologic concerns through a wide range of minimally invasive procedures that can restore its patients' skin back to health and enhance its appearance as its patients fight the effects of aging, sun damage, and disease.

20. Defendant Warthan is an individual double board certified in dermatology and dermatopathology.

21. Warthan's discipline focuses on the microscopic diagnosis of skin cancers, moles, and other complex skin diseases.

22. On information and belief, Warthan is the owner and sole principle of Warthan Derm.

23. On information and belief, as the owner and sole principle of Warthan Derm, Warthan has the right and ability to supervise and control all of Warthan Derm's advertising, including through its social media accounts.

24. Warthan Derm maintains a Facebook page, https://www.facebook.com/WarthanDermatologyCenter ("Facebook Page").

25. New is informed and believes Warthan Derm markets its services through its Facebook Page in order to attract user traffic and drive customer revenue.

26. On or about May 31, 2021, New discovered the Profile Photograph being used by Warthan Derm on its Facebook Page to promote its HydraFacial services priced at $69.00 and portray potential results of what can be achieved with its treatment.

27. Attached hereto as Exhibit B is a true and correct time stamped screenshot of the Profile Photograph being used by Warthan Derm on its Facebook Page.

28. As of the date of this Complaint, the Profile Photograph is still displayed on Warthan Derm's Facebook Page.

29. Attached hereto as Exhibit C is a true and correct time stamped screenshot of the continued use on Warthan Derm's Facebook Page.

30. In no event did New offer Defendants a license to use his Profile Photograph in any manner.

31. New is informed and believes Defendants created an unauthorized copy of the Profile Photograph.

32. New is informed and believes Defendants uploaded the Profile Photograph to its Facebook Page.

33. New has made several attempts to settle this case prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Profile Photograph.

36. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Profile Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Profile Photograph without Plaintiff's consent or authority, by using it in an infringing post on Defendant's website and or social media.

37. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

38. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

39. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Profile Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For statutory damages in an amount up to $25,000 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: January 18, 2023

Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
*Attorney for Plaintiff*