UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| GRET BOWERY, d/b/a<br>TRUNK ARCHIVE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MANDY L. WARTHAN;<br>WARTHAN DERMATOLOGY<br>ASSOCIATES, P.A. d/b/a<br>WARTHAN DERMATOLOGY<br>CENTER, and DOES 1 through 10<br>Inclusive,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CASE NUMBER: 1:23-cv-23<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MANDY L. WARTHAN'S AND WARTHAN DERMATOLOGY ASSOCIATES, P.A. d/b/a WARTHAN DERMATOLOGY CENTER'S ANSWER

Defendants Mandy L. Warthan and Warthan Dermatology Associates, P.A. d/b/a Warthan Dermatology Center's ("Warthan Group" or "Defendants"), file this their *Answer* to *Great Bowery, d/b/a Trunk Archive's Complaint for Copyright Infringement* ("Answer"). Unless specifically admitted herein, the allegations contained in this *Answer* to *Great Bowery, d/b/a Trunk Archive's Compliant for Copyright Infringement* ("Complaint") are denied, and Defendants state and allege as follows:

I.
### DEFENDANT'S' ANSWER TO PLAINTIFF'S COMPLAINT

#### JURISDICTION AND VENUE

1. The allegations in Paragraphs 1 and 2 of *Plaintiff's Complaint* are conclusions of law and therefore, require no responsive pleading.

DEFENDANTS' ANSWER

10. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 11 of *Plaintiff's Complaint* and therefore, deny such allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 12 of *Plaintiff's Complaint* and therefore, deny such allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 13 of *Plaintiff's Complaint* and therefore, deny such allegations.

13. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 14 of *Plaintiff's Complaint* and therefore, deny such allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 15 of *Plaintiff's Complaint* and therefore, deny such allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 16 of *Plaintiff's Complaint* and therefore, deny such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 17 of *Plaintiff's Complaint* and therefore, deny such allegations.

17. Defendants admit the allegations in Paragraph 18 of *Plaintiff's Complaint*.

18. Defendants admit the allegations in Paragraph 19 of *Plaintiff's Complaint*.

19. Defendants admit to the facts in Paragraph 20 of *Plaintiff's Complaint*.

20. Defendants admit to the allegations in Paragraph 21 of *Plaintiff's Complaint*.

21. Defendants admit to allegations in Paragraph 22 of *Plaintiff's Complaint* but note that Mandy Warthan can only be a "principal" not a "principle".

22. Defendants deny the allegations in Paragraph 23 of *Plaintiff's Complaint but* note that Mandy Warthan can only be a "principal" not a "principle".

23. Defendants admit the allegations in Paragraph 24 of *Plaintiff's Complaint*.

24. Defendants deny the allegations in Paragraph 25 of *Plaintiff's Complaint*.

25. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 26 of *Plaintiff's Complaint,* and, therefore, deny such allegations.

26. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 27 of *Plaintiff's Complaint,* and, therefore, deny such allegations.

27. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 28 of *Plaintiff's Complaint,* and, therefore, deny such allegations, but Defendants do state no such photograph is on the Defendant Warthan Dermatology Associates, P.A.'s current website at the present time, of which Defendants are aware.

28. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 29 of *Plaintiff's Complaint,* and, therefore, deny such allegations, but Defendants do state no such photograph is on the Defendant Warthan

Dermatology Associates, P.A.'s current website at the present time, of which Defendants are aware.

29. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 30 of *Plaintiff's Complaint,* and, therefore, deny such allegations.

30. Defendants deny the allegations in Paragraph 31 of *Plaintiff's Complaint.*

31. Defendants deny the allegations in Paragraph 32 of *Plaintiff's Complaint.*

32. Defendants deny the allegations in Paragraph 33 of *Plaintiff's Complaint.*

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 .S.C. § 101 *et seq*

33. Defendants admit the paragraphs of the Complaint may be referenced, but otherwise deny the allegations in Paragraph 34 of *Plaintiff's Complaint.*

34. Defendants are without knowledge or information sufficient to form a belief as to all allegations in Paragraph 35 of *Plaintiff's Complaint,* and, therefore, deny such allegations.

35. Defendants deny the allegations in Paragraph 36 of *Plaintiff's Complaint.*

36. Defendants assert the allegations in Paragraph 37 of *Plaintiff's Complaint* are conclusions of law, and therefore require no response; otherwise Defendants deny same.

37. Defendants assert the allegations in Paragraph 38 of *Plaintiff's Complaint* are conclusions of law, and therefore require no response; otherwise Defendants deny same.

38. Defendants assert the allegations in Paragraph 39 of *Plaintiff's Complaint* are

conclusions of law, and therefore require no response; otherwise Defendants deny same.

## PRAYER FOR RELIEF

39. Defendants do not need to admit or deny the allegations or requests for relief under the section titled "PRAYER FOR RELIEF" or the seven (7) "dot-points" below it, but Defendants deny Plaintiff is entitled to the relief sought therein.

## GENERAL DENIAL

40. Except as expressly admitted herein, Defendants deny each and every allegation of *Plaintiff's Complaint*.

## AFFIRMATIVE CLAIMS AND DEFENSES

41. Plaintiff's claims are barred, in whole or in part, because Defendants have not infringed, directly or indirectly, any copyright purportedly owned by Plaintiff.

42. Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages.

43. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, are the result of superseding and/or intervening causes.

44. Plaintiff's claims are barred, in whole or in part, because any acts or omissions by Defendants were not a proximate cause of any injuries alleged by Plaintiff.

45. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not give Defendants legally effective notice of his claim prior to the alleged infringement. If infringement is found to have occurred, Defendants' involvement was innocent and without notice.

46. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

48. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to perform all required conditions precedent.

49. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate Plaintiff's alleged damages.

50. Plaintiff's claims are barred, in whole or in part, because Defendants conduct was in good faith and with non-willful intent, at all times.

51. Plaintiff's claims to any enhanced damages and an award of fees and costs against Defendants are barred, in whole or in part, because they have no basis in fact or law.

52. Plaintiff's claims are be barred, in whole or part, by Plaintiff's failure to provide any valid notices under the DMCA.

54. Plaintiff's claims are barred, in whole or part, because Plaintiff's purported copyright registration relating to the photograph at issue in the Complaint is or may be invalid and/or unenforceable.

55. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

56. Plaintiff's claims are barred, in whole or in part,, by the doctrine of fair use. 17 U.S.C. § 107.

57. Plaintiff's claims are barred, in whole or in part, by consent, waiver, and/or estoppel.

58. Plaintiff's claims are barred, in whole or in part, because Defendants did not and have not infringed the copyright at issue, including without limitation pursuant to the doctrines of scenes a faire, merger and/or other limits on the scope of copyright protection.

59. Defendants specifically reserve the right to assert additional affirmative defenses under the Federal Rules of Civil Procedure, the laws of the United States, and any other defense at law or in equity that may exist or become available through information developed at any time.

## PRAYER FOR RELIEF

Defendants pray Plaintiff takes nothing by the Complaint; and that the Court award Defendants their costs herein incurred, including attorneys' fees as allowable, pursuant to 17 U.S.C. § 505, or otherwise by law; and for such other and further relief, at law or in equity, to which the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendants hereby demand a jury trial on all issues so triable.

Respectfully submitted,

ERHARD & JENNINGS, P.C.
1601 Elm Street, Suite 4242
Dallas, Texas 75201
Telephone: (214) 720-4001
Facsimile: (214) 871-1655

By: ___/s/ James Albert Jennings___
James Albert Jennings
State Bar No. 10632900
jjennings@erhardjennings.com
jajennings@aol.com
Kenneth B. Tomlinson
State Bar No. 20123100
ktomlinson@erhardjennings.com

8

                          **DEFENDANTS MANDY L. WARTHAN; WARTHAN DERMATOLOGY ASSOCIATES, P.A. d/b/a WARTHAN DERMATOLOGY CENTER**

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was served electronically through the electronic filing manager on all counsel of record on this 9th day of March 2023.

                          By: */s/ James Albert Jennings*
                              James Albert Jennings